UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-23821-GAYLES

MATTIE LOMAX,

    Plaintiff,

v.

CAPITAL RENTAL AGENCY,

    Defendant,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Mattie Lomax, appearing *pro se*, filed this action on September 15, 2020. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Independent of its duty under Section 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court is obligated to consider *sua sponte* whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking.[1] *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3).

In her initial pleading with the Court, Plaintiff filed a Notice of Appeal and Statement Election Form—a form used for bankruptcy appeals. [ECF No. 1]. Though not entirely clear, it appears that Plaintiff is attempting to appeal a decision from a case pending over seventeen years ago in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"), Case No. 2003-024201-CA-01.[2] *Id.* The State Court dismissed Plaintiff's case on July 24, 2006. *Id.*

Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Indeed, Plaintiff filed a form that is meant for bankruptcy appeals and then attached pleadings from her State Court action (and related removal to and remand from federal court). She made no demand for relief and pled no causes of action. As a result, this action must be dismissed without prejudice for failure to state a claim. In addition, based on the limited

---

1  Notably, if the Court lacks subject matter jurisdiction over a case, the complaint is also frivolous under Section 1915(e). *See Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).
2   Plaintiff attempted to remove that action in 2009, but on May 20, 2009, the Court remanded the action. *See* Case No. 09-21347-UNGARO. The Eleventh Circuit affirmed.

allegations in the Complaint, the Court is unable to ascertain whether it has subject matter jurisdiction over this action. Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE